9 F.3d 108
 145 L.R.R.M. (BNA) 2256
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GREAT LAKES DECORATING SERVICES, INC. and David Dine, a Sole
Proprietor d/b/a Great Lakes Industrial Decorating and a/k/a
Great Lakes Industrial Decorating Services, Inc., a Single
Employer, Respondents.
 No. 93-6076.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: NORRIS and SILER, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondents, Great Lakes Decorating Services, Inc. and David Dine, a Sole Proprietor d/b/a Great Lakes Industrial Decorating and a/k/a Great Lakes Industrial Decorating Services, Inc., a single employer, Bay City, Michigan, their officers, agents, successors, and assigns, enforcing its order dated February 24, 1993, in Case No. 7-CA-33685, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondents, Great Lakes Decorating Services, Inc. and David Dine, a Sole Proprietor d/b/a Great Lakes Industrial Decorating and a/k/a Great Lakes Industrial Decorating Services, Inc., a single employer, Bay City, Michigan, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Failing and refusing to bargain collectively with Local 1803, International Brotherhood of Painters and Allied Trades, AFL-CIO, which is the limited exclusive bargaining representative of the Respondents' employees in an appropriate unit, by refusing to submit monthly reports and refusing to make payments to the health and welfare and pension benefits funds, as required by the Respondents' collective-bargaining agreement with the Union. The appropriate bargaining unit consists of:
 
 
 5
 All painting and decorating employees employed by Great Lakes Decorating and by Great Lakes Industrial, but excluding guards and supervisors as defined in the Act.
 
 
 6
 (b) Telling employees that they could not work on certain of the Great Lakes Decorating jobsites because of their membership in and support for the Union.
 
 
 7
 (c) Refusing to hire employees, including but not limited to, Michael Kramer, Michael Lindauer, and Richard Schneider, because of their membership in and support for the Union.
 
 
 8
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) Submit the monthly reports that have not been submitted since about March 4, 1992, make the payments to the health and welfare and pension benefit funds that have not been made since about the same date, and make whole unit employees for any expenses they may have incurred as a result of the Respondents' failure to comply with the terms of its collective-bargaining agreement, with interest as set forth in the remedy section of the Board's decision.
 
 
 11
 (b) Offer employment at the Great Lakes Decorating jobsites to all employees, including but not limited to Michael Kramer, Michael Lindauer, and Richard Schneider, to the positions they would have been employed but for the Respondents' unlawful conduct or, if those positions no longer exist, to substantially equivalent positions, and make them whole for any loss of earnings and other benefits they may have suffered as a result of the Respondents' unlawful conduct, with interest as set forth in the remedy section of the Board's decision.
 
 
 12
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 13
 (d) Post at their facilities in Bay City, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondents' authorized representative, shall be posted by the Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondents have taken to comply.
 
 APPENDIX
 
 15
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 16
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT refuse to bargain collectively with Local 1803, International Brotherhood of Painters and Allied Trades, AFL-CIO, which is the limited exclusive collective-bargaining representative of our employees in an appropriate unit, by refusing to submit monthly reports and refusing to make payments to the health and welfare and pension benefit funds, as required by our collective-bargaining agreement with the Union. The appropriate bargaining unit consists of:
 
 
 19
 All painting and decorating employees employed by Great Lakes Decorating and by Great Lakes Industrial, but excluding guards and supervisors as defined in the Act.
 
 
 20
 WE WILL NOT tell our employees that they cannot work on certain of the Great Lakes Decorating jobsites because they support or are members of the Union.
 
 
 21
 WE WILL NOT refuse to hire employees, including but not limited to Michael Kramer, Michael Lindauer, and Richard Schneider, for the Great Lakes Decorating jobsites because of their membership in, and support for, the Union.
 
 
 22
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 23
 WE WILL, submit the monthly reports that have not been submitted since about March 4, 1992, WE WILL make the payments to the health and welfare and pension benefit funds that have not been made since about the same date, and WE WILL make whole unit employees for any expenses they may have incurred as a result of our failure and refusal to comply with the terms of our collective-bargaining agreement with the Union, with interest.
 
 
 24
 WE WILL offer all employees, including but not limited to Michael Kramer, Michael Lindauer, and Richard Schneider, employment at the Great Lakes Decorating jobsites to the positions they would have had but for our discrimination against them or, if those positions no longer exist or are not available, to substantially equivalent positions, and WE WILL make them whole for any loss of earnings or benefits they may have suffered as a result of our unlawful conduct, with interest.
 
 
 25
 GREAT LAKES DECORATING SERVICES, INC. AND DAVID DINE, A SOLE PROPRIETOR D/B/A GREAT LAKES INDUSTRIAL DECORATING AND A/K/A GREAT LAKES INDUSTRIAL DECORATING SERVICES, INC., A SINGLE EMPLOYER